**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

NICK ALLEN MABRAY                                                          PETITIONER
Reg #61940-509

v.                                          2:26-cv-00002-BSM-JJV

C. HUMPHREY,
Complex Warden, FCC Forrest City Low                               RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.  Your objections must be received in the office of the United States District Court

Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Petitioner Nick A. Mabray, an inmate at the Federal Correctional Institution – Forrest City

Low, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc.

No. 1.)  Mr. Mabray alleges the Bureau of Prisons (BOP) is refusing to "credit the period of pretrial

home confinement" toward his sentence.  (*Id*. at 1.)

I have conducted a preliminary review of Mr. Mabray's Petition pursuant to Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts, made applicable to other

types of habeas corpus petitions by Rule 1(b).  Based on that review, it plainly appears Mr. Mabray is not entitled to relief.  Accordingly, I recommend the Petition be dismissed without prejudice.

## II.     BACKGROUND

On August 15, 2023, Mr. Mabray was convicted in the United States District Court for the Eastern District of Oklahoma of conspiracy to commit assault with a dangerous weapon in Indian country, assault with a dangerous weapon with intent to cause bodily harm, and using or carrying a firearm during a crime of violence.  *United States v. Mabray et al.*, 6:22-cr-00071-RAW (E.D. Okla. 2025).  Pursuant to a judgment entered February 28, 2024, Mr. Mabray was sentenced to 130 months' imprisonment followed by three years' supervised release. *Id.* On appeal, the United States Court of Appeals for the Tenth Circuit vacated Mr. Mabray's sentence and ordered the district court to resentence him. *United States v. Mabray*, No. 24-7018 (10th Cir. 2024). Mr. Mabray was then sentenced on June 11, 2025, to 114 months' imprisonment followed by three years' supervised release. *Mabray et al.,* 6:22-cr-00071-RAW.

In his Petition for Writ of Habeas Corpus, Mr. Mabray alleges the BOP is denying him credit toward his sentence for time spent under pretrial home confinement in violation of 18 U.S.C. § 3585(b).  (Doc. No. 1 at 2.)  Specifically, he claims the nature of the pretrial home confinement was "punitive, restrictive, and custodial in nature[.]…" (*Id.*) Thus, by not crediting this time, he argues his custody is being unlawfully extended. (*Id.*)  For relief, he asks this Court to "order the Bureau of Prisons to recalculate Petitioner's federal sentence to include all qualifying pretrial confinement time and [d]irect the Bureau of Prisons to issue an amended sentence computation reflecting [sic] the proper credit." (*Id.*)

2

III.    ANALYSIS

A.    **Exhaustion of Administrative Remedies**

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations allow prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16).

The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

Mr. Mabray argues he should not be held to the exhaustion requirement but does not state whether he has started the administrative remedy process. He contends requiring him to exhaust administrative remedies would be futile because "[t]he Bureau of Prison has adopted a fixed and uniform interpretation of 18 U.S.C. § 3585(b)… that categorically excludes pretrial home confinement from credit as 'official detention.'" (Doc. No. 1 at 2.) Additionally, he argues his

3

claim is "purely [a] legal question" dealing with statutory interpretation "and the legality of the BOP's sentence computation" rather than a question of fact. (*Id.*) Furthermore, he asserts that requiring exhaustion would result in irreparable harm by him "continu[ing] to serve additional days of imprisonment that cannot be recovered once served." (*Id.*) Finally, Mr. Mabray believes the "BOP lacks authority through the administrative remedy process to override binding judicial precedent or alter its statutory interpretation of § 3585(b), rendering exhaustion ineffective." (*Id.*)

I find Mr. Mabray's argument to excuse or waive exhaustion unpersuasive. Mr. Mabray may believe the administrative process to be futile; however, it does not excuse his decision to try and circumvent the BOP's Administrative Remedy Program procedures and file a petition for writ of habeas corpus. Again, it is not until after a prisoner presents his claim to the BOP, and proceeds through the entire Administrative Remedy Program, that he may institute a habeas action to contest an unfavorable decision. *Mathena*, 577 F.3d 943 at 946. Because Mr. Mabray failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, I recommend his claim be dismissed without prejudice.

### B. Merits

Even if Mr. Mabray had exhausted his administrative remedies prior to filing his Petition, he still would not be entitled to the relief he seeks. Mr. Mabray asserts he is entitled to credit toward his sentence for time spent in pretrial home confinement pursuant to 18 U.S.C. § 3585(b). But 18 U.S.C. § 3585(b) provides, "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence."

It appears Mr. Mabray believes being placed on home confinement was "official detention." He says placement on home confinement was "punitive, restrictive, and custodial in nature[.]…" (Doc. No. 1 at 2.)

But the United States Supreme Court has held "that the phrase 'official detention' in § 3585(b) refers to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." *Reno v. Koray*, 515 U.S. 50, 56 (1995). There, the Court determined that an individual ordered to a community treatment center was not in official detention. *Id.* at 52. And specifically, as to home confinement, the United States Court of Appeals for the Eighth Circuit "concluded that the house arrest restrictions" placed on an individual "as conditions of his pretrial release did not constitute 'official detention' within the meaning of § 3585(b)." *United States v. Wickman*, 955 F.2d 592, 593 (8th Cir. 1992).

Because Mr. Mabray was released on home confinement and not to the custody of the Attorney General, he was not in official detention within the meaning of § 3585(b). Therefore, he is not eligible to receive credit toward his sentence.

It is understandable Mr. Mabray believes he was in "official detention" during court ordered pretrial home confinement due to the nature of the conditions placed on him. However, the Supreme Court and Eighth Circuit have explicitly held otherwise. Accordingly, it plainly appears that Mr. Mabray is not entitled to relief, and his Petition should be summarily dismissed pursuant to Rule 4.

IV.    **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 12th day of February 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE